UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for WESTSOUND BANK,<br><br>Plaintiff,<br><br>v.<br><br>JERRY F. BECKER, individually; MARY ANN BECKER, individually; the marital community composed of JERRY F. BECKER and MARY ANN BECKER; and JFB PROPERTIES LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C09-5476RJB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON MEMORANDUM OPINION** |

This matter comes before the Court on the Plaintiff's Motion for Entry of Judgment on Memorandum Opinion (Dkt. 34) and Defendants' Motion for Reconsideration (Dkt. 37). The Court has reviewed the pleadings filed regarding the motion and the record herein.

**I.    FACTS AND PROCEDURAL HISTORY**

**A.    FACTS**

On October 31, 2008, former Plaintiff Westsound Bank filed this case in Kitsap County, Washington Superior Court ("Superior Court"), asserting that Defendants failed to make payments as required under several promissory notes and that Defendants fraudulently transferred real property. Dkt. 1-3, at 6-15. Plaintiff, formerly Westsound Bank, now the

ORDER
Page 1

1  Federal Deposit Insurance Corporation ("FDIC") as receiver, seeks monetary damages,

2  injunctive relief regarding the real property that was allegedly transferred, costs, and attorneys'

3  fees. *Id*.

4  Defendants answered, and asserted defenses for: breach of contract, assumption of the

5  risk, nonperformance of a condition precedent, estoppel, failure to mitigate damages, failure or

6  want of consideration, and failure to comply with statutory provisions. Dkt. 1-5, at 6-7.

7  Defendants also asserted counterclaims for breach of contract, promissory estoppel, unjust

8  enrichment, negligent misrepresentation, and violation of Washington's Consumer Protection

9  Act. *Id.*, at 8-9.

10  On April 17, 2009, the Superior Court heard oral argument on Plaintiff's motion to

11  dismiss and motion for summary judgment on its breach of contract claims. Dkt. 35-1, at 2. The

12  original motions are not in the record.

13  On April 24, 2009, the Superior Court found "that Westsound Bank is entitled to

14  summary judgment on their claim and to dismissal of Defendants' counterclaims as a matter of

15  law." Dkt. 1-5, at 17-18. The Opinion is attached hereto. No order executing the finding was

16  ever entered.

17  Defendants filed a "Motion for Reconsideration of Summary Judgment Order" on May 4,

18  2009. Dkt. 1-5, at 21-34.

19  Defendants then filed a Motion to Stay Case, which was granted on May 15, 2009, and

20  expressly included the pending Motion for Reconsideration in their request for the stay. Dkt. 1-

21  5, at 144. The stay provided that it was in effect "until such time as the FDIC . . . can be

22  properly named and joined." *Id.* The parties informed the Superior Court during a hearing on

23  the Motion to Stay that the then Plaintiff, Westsound Bank, had been seized by the FDIC. Dkt.

24  1-5, at 146.

25  On July 24, 2009, the Superior Court granted the FDIC's Motion to Substitute FDIC

26  Receiver for Plaintiff Westsound Bank. Dkt. 1-5, at 148. That order further granted the FDIC

27  "all rights titles, powers, and privileges" of Westsound Bank in the case. *Id.*, *see also* 12 U.S.C.

28

ORDER
Page 2

§ 1821 (d)(2).

The FDIC then removed the case to this Court on August 4, 2009. Dkt. 1.

**B.     PENDING MOTIONS**

Plaintiff FDIC now moves pursuant to Fed. R. Civ. P. 56 and 58 (d) "for entry of judgment on the Memorandum Opinion of the state trial judge entered on April 24, 2009." Dkt. 34. Plaintiff states that Exhibit #7 to the Declaration of Richard Phillips, its attorney, shows the "calculation of the amounts due on the four notes identified in the complaint." *Id.*

Defendants oppose the motion, and argue that the Memorandum Opinion was suspended by the timely Motion for Reconsideration, and then the case was stayed. Dkt. 37, at 2. Defendants note that Plaintiff failed to include the entire state court record when they removed the case. Dkt. 37. Defendants argue that the "Motion for Reconsideration was included in the removal and is still pending." Dkt. 37, at 2. Defendants argue that Jerry Becker's declaration contains much first party observation and reports his personal experiences and such statements are not hearsay. Dkt. 37, at 5. Defendants note that the Memorandum Opinion does not address issues and fraud claims related to JFB properties. Dkt. 37, at 5. Defendants challenge Plaintiff's proffered Declaration of Richard Phillips as an unsworn calculation by an unidentified witness. Dkt. 37.

Plaintiff replies, arguing that the Memorandum Opinion was not stayed by the filing of the motion for reconsideration and is the law of the case. Dkt. 40. Plaintiff argues that Mr. Becker's declaration was replete with hearsay. *Id.* Plaintiff concedes that the Superior Court's ruling did not address its claim against Defendants for fraudulent conveyance. *Id.* Plaintiff argues that Exhibit #7 is based on the amounts due on the loans based on the allegations set forth in the Complaint. *Id.* Plaintiff states that for example, "on Note 1, the principal amount due, interest through October 16, 2008 and late charges are set forth in ¶ 9 of the Complaint, . . . , which were not disputed." *Id.* Plaintiff further alleges that Exhibit #7's calculation of additional interest was done "by multiplying the daily interest rate, also set out in ¶ 9, times the number of days from October 17, 2009 to the date of the hearing." *Id.*

This opinion will address issues raised regarding the Defendants' motion for reconsideration and then the Plaintiffs' motion for entry of judgment.

## II.   DISCUSSION

### A.   ISSUES RELATED TO THE MOTION FOR RECONSIDERATION

Upon removal, this case became subject to federal procedural rules. *Erie R.R. v. Tomkins,* 304 U.S. 64 (1938). Western District of Washington Local R. Civ. P. 7(h), "Motions for Reconsideration," provides:

> (1) Standard. Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
> (2) Procedure and Timing. A motion for reconsideration shall be plainly labeled as such.  The motion shall be filed within ten judicial days after the order to which it relates is filed. The motion shall be noted for consideration for the day it is filed. The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling.  Failure to comply with this subsection may be grounds for denial of the motion. The pendency of a motion for reconsideration shall not stay discovery or any other procedure.

To the extent that Defendants are now arguing that the motion for reconsideration, which was filed in Superior Court over a year and half ago, should be granted, their motion should be denied.  Defendants' motion is untimely.  Defendants requested that the Superior Court stay the case in May of 2009 until the FDIC could come into the case.  Defendants expressly included their motion for reconsideration as a part of the stay.  After the FDIC came into the case, Defendants did not renew the motion or note it for consideration.  Defendants' motion is untimely and should be denied on that basis.  Furthermore, this judge believes that it is inappropriate for one trial judge to "reconsider" another trial judge's rulings.  To do so is to provide an appeal that is not contemplated under the rules, except as discussed below.

Moreover, the decision of the Superior Court is the law of the case.  The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs. *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) (*citations and internal quotation omitted*). "Under the doctrine, a court is generally precluded from reconsidering an

ORDER
Page 4

1  issue previously decided by the same court, or a higher court in the identical case.  For the
2  doctrine to apply, the issue in question must have been decided explicitly or by necessary
3  implication in the previous disposition." *Id.*  The same doctrine should be applied to a sister trial
4  court which had jurisdiction over the issues before it.

5  Defendants make no showing that the issues in question were not explicitly decided "or
6  by necessary implication in the previous disposition." *Id.*  Defendants argue, nonetheless, that
7  the Court should consider the motion for reconsideration.  In the Ninth Circuit, a prior decision
8  in a case should be followed under the law of the case doctrine unless:

> (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

11  *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 281  (9th Cir. 1996).

12  Defendants make no showing that the Superior Court's decision to grant the motion for
13  summary judgment was "clearly erroneous and its enforcement would work a manifest
14  injustice."  Defendants argue that the Superior Court's opinion's statement that "[t]he Defendant
15  in response to the Motion provided a declaration based on hearsay statements and references to
16  draw schedules or rules which are undocumented," was in error.  Dkt. 37.  Defendants do not
17  contest that portions of the declaration relied on in an attempt to repel the motion for summary
18  judgment contained hearsay.  Defendants make no showing that, even considering the portions of
19  the declaration which were not hearsay, they are entitled to a reversal of the decision granting
20  summary judgment.  Moreover, they make no showing that there has been "intervening
21  controlling authority makes reconsideration appropriate." *In re Rainbow Magazine, Inc.*, at 281.
22  No trial has been held, so no "substantially different evidence was adduced at a subsequent
23  trial." *Id.*  Defendants' Motion for Reconsideration should be denied.

### B. MOTION FOR ENTRY OF JUDGMENT

25  Under Fed. R. Civ. P. 58 (d), a party may request that judgment be "set out in a separate
26  document."  Final judgment should "grant the relief to which each party is entitled."  Fed. R.
27  Civ. P. 54 (c).

1   Defendants' argue, in essence, that there is no judgment to enter because the Superior
2   Court's Memorandum Opinion was "suspended" when they filed their motion for
3   reconsideration. Defendants point to no authority for this proposition. Western District of
4   Washington Local R. Civ. P. 7(h)(2), explicitly provides that, "[t]he pendency of a motion for
5   reconsideration shall not stay discovery or any other procedure." Defendants' argument should
6   be rejected.

7   Defendants properly object to Exhibit #7 to the Declaration of Richard L. Phillips, which
8   purports to be the calculation of the amounts due on the notes. Dkt. 37. Exhibit #7 was not filed
9   under oath, and although it alleges that it is based on amounts stated in the Complaint, the
10  Complaint was not verified. Any judgment to be entered, particularly one like this - based on a
11  summary judgment -  must be based on sworn testimony or documentation made under oath.
12  Fed. R. Civ. P. 56 and 58. Defendants have not yet provided sufficient evidence of the amount
13  of any judgment. The Motion for Entry of Judgment (Dkt. 34) should be denied without
14  prejudice.

15  **C.   CONCLUSION**

16  Pursuant to this Order, Plaintiff is entitled to the benefit of the summary judgment finding
17  issued by the Kitsap County Superior Court. To what judgment they are entitled remains to be
18  determined. It appears that the original moving papers will be a necessary part of determining
19  the scope of the judgment granted. Further, Plaintiff's claim for fraudulent conveyance remains.

20  **III.   ORDER**

21  It is hereby **ORDERED** that:
22  •   Defendants' Motion for Reconsideration (Dkt. 37) is **DENIED**;
23  •   Plaintiff's Motion for Entry of Judgment on Memorandum Opinion (Dkt. 34) is **DENIED**
24      **WITHOUT PREJUDICE**.
25  /
26  /
27  /
28

ORDER
Page 6

1       The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

      DATED this 23rd day of August, 2010.

                                        Robert J. Bryan
                                        United States District Judge